UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| SCOTT SAFONT, } <br> ON BEHALF OF HIMSELF AND } <br> ALL OTHERS SIMILARLY SITUATED, } <br> } <br> Plaintiff, } <br> v } <br> } <br> FORSTER & GARBUS, LLP, LVNV FUNDING LLC, } <br> SHERMAN FINANCIAL GROUP, LLC, } <br> RESURGENT CAPITAL SERVICES LP } <br> MARK A. GARBUS, AND RONALD FORSTER, } <br> } <br> Defendants. } | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Scott Safont [hereinafter "Safont"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP [hereinafter "F&G"], LVNV Funding LLC [hereinafter "LVNV"], Resurgent Capital Services LP (Resurgent), Sherman Financial Group, LLC [hereinafter "Sherman"], Mark A. Garbus (hereinafter "Garbus"), and Ronald Forster (hereinafter "Forster"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also

derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Safont is a natural person who resides at 497 Lisk Avenue, Staten Island, NY 10303.

6. Safont is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On March 1, 2017, F&G, on behalf of LVNV, filed a lawsuit against Safont in the Civil Court of the City of New York, Richmond County under Index No. CV-000833-17/RI ("State Action") to recover a past due debt owed to the "debt collector" LVNV. See Exhibit A.

8. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Credit One Bank, N.A. for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. F&G, via Exhibit A, attempted to collect this past due debt from Safont in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account.

9. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a *transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

10. 22 NYCRR 208.14-a defines a "consumer credit transaction" as "a revolving or open-end credit transaction wherein credit is extended by a financial institution, which is in the business of extending credit, to an individual primarily for personal, family or household purposes, the terms of which include periodic payment provisions, late charges and interest accrual.

11. The definition of a "consumer credit transaction" as set forth in the above paragraph matches or is akin to the definition of a "debt" under the FDCPA.

12. Since the State Action was filed in the Civil Court of the City of New York, 22 NYCRR 208.14-a is applicable to the State Court Action.

13. The top portion of the Summons annexed as part of Exhibit A sets forth the following: "**CONSUMER CREDIT TRANSACTION**".

14. Upon information and belief, F&G, on behalf of LVNV drafted the aforementioned Summons or decided to use the particular form of a Summons based on F&G, on behalf of LVNV having information which led it to determine that the debt allegedly owed by Safont was a "consumer credit transaction".

15. The New York City Civil Court designated the State Action as a "Consumer Credit" matter.

16. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

18. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

19. On Exhibit A, F&G sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

20. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

21. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22. LVNV is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

23. LVNV's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts and then, via agents, attorneys, and/or third-party debt collectors, attempting to collect these defaulted debts from consumers.

24. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the

present LVNVs has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that LVNV became the owner of the debt from the original creditor.

25. The aforementioned consumers include New York City residents.

26. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

27. LVNV possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

28. On its website, LVNV describes itself as follows:

> "LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency."

29. Based upon Exhibit A and the above allegations, the principal purpose of LVNV is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30. Resurgent is a Delaware Limited Partnership and a New York Foreign Limited Partnership.

31. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

32. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

33. On its website, Resurgent describes itself as follows:

> "Resurgent Capital Services is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. We manage accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts. Our offices are located in Greenville, SC and Cincinnati, OH. As a loan servicer and licensed collection agency, we may perform collection activities on accounts directly, or we may outsource the recovery activities to other independently owned collection agencies and law firms."

34. Based upon the above allegations, the principal purpose of Resurgent is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.; and therefore, Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

35. Sherman is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

36. The principal purpose of Sherman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

37. Sherman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

38. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

39. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

40. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the

acts of F&G.

41. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

42. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

43. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

### FIRST CAUSE OF ACTION-CLASS CLAIM

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-43 of this Complaint.

45. LVNV and Resurgent either are directly responsible for Exhibit A and/or are vicariously liable for the actions of F&G and/or each other as regards Exhibit A.

46. Sherman is vicariously liable for the actions of F&G and/or for the actions of LVNV and/or Resurgent as regards Exhibit A.

47. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt by Defendants in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 USC 1692e(10).

### SECOND CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-43.

49. LVNV and Resurgent either are directly responsible for Exhibit A and/or are vicariously liable for the actions of F&G and/or each other as regards Exhibit A.

50. Sherman is vicariously liable for the actions of F&G and/or for the actions of LVNV and/or Resurgent as regards Exhibit A.

51. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt by Defendants in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

### CLASS ALLEGATIONS

52. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

53. The class consist of (a) all natural persons (b) who were sued by or on behalf of any of the defendants between March 1, 2017 and the present (c) via a lawsuit materially identical or substantially similar to Exhibit A

54. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

55. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

56. The predominant common question is whether Defendant's letters violate the FDCPA.

57. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

58. A class action is the superior means of adjudicating this dispute.

59. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory and actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      March 2, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709